UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON COX, | : |
| | : |
| Petitioner | CIVIL ACTION NO. 3:25-2072 |
| | : |
| v. | (JUDGE MANNION) |
| | : |
| WARDEN OF FCI-ALLENWOOD, | : |
| Respondent | : |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. §2241 in which petitioner challenges the legality of his criminal conviction and sentence. The petition will be dismissed without prejudice for lack of jurisdiction.

**I.   BACKGROUND**

Petitioner, Jason Cox, is incarcerated in Allenwood Federal Correctional Institution ("FCI-Allenwood") serving a federal criminal sentence imposed by the United States District Court for the District of Connecticut. (Doc. 1). He filed the instant case on October 28, 2025, and the court received and docketed it on November 3, 2025. (*Id.*) Cox argues that his criminal sentence is unconstitutional because the sentencing court engaged in fact finding that may only be performed by the legislative branch. (*Id.* at 3).

He additionally argues that his claims may properly be brought through a Section 2241 habeas corpus petition because a motion filed in the sentencing court pursuant to 28 U.S.C. §2255 would be inadequate or ineffective to adjudicate his claim. (*Id.* at 2). Cox moved for a preliminary injunction when he filed the case. (Doc. 2).

**II.    STANDARD OF REVIEW**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. §2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. §2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. §2241. 28 U.S.C. §2254 Rule 1.

**III.    DISCUSSION**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255. The United States Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)

(citing *Davis v. United States*, 417 U.S. 333, 343 (1974)). Section 2255(e), often referred to as the saving clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." *Id.* at 120; 28 U.S.C. §2255(e)). The Supreme Court has clarified that a Section 2241 habeas corpus petition may be filed to challenge a federal sentence "if—and only if" Section 2255 is inadequate or ineffective. *Jones v. Hendrix*, 599 U.S. 465, 471 (2023).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a §2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . §2255." *Id.* at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." *Id.* at 538.

Here, Cox's claim asserting that his conviction and sentence are invalid because the sentencing court engaged in improper fact finding is clearly a

3

challenge to the legality of his conviction and sentence that must be brought in a Section 2255 motion before his sentencing court rather than through a Section 2241 habeas corpus petition.

Cox argues to the contrary that Section 2255 is inadequate or ineffective to adjudicate his claim because "Congress has compelled every §2255 tribunal to operate within an Article I enforcement framework created by 18 U.S.C. 3553(a) and §3661. These statutes authorize sentencing judges to determine factual predicates and impose penalties on [the] basis of 'any information' they deem relevant, unconstrained by jury verdicts or statutory elements." (Doc. 1 at 2). Cox argues that this constitutes an unconstitutional delegation of legislative power to federal courts. (*Id.* at 2-3). Thus, Cox argues, because Section 2255 "is governed by this same unconstitutional structure, it cannot provide a meaningful or independent Article III determination of the legality of detention." (*Id.* at 3).

This argument is foreclosed by *Jones*. In *Jones*, the court held that a petitioner could not collaterally challenge his petition through a Section 2241 habeas corpus petition because the remedy available under Section 2255 was neither inadequate nor ineffective. *Jones*, 599 U.S. at 471. The petitioner argued that barring him from bringing such a claim in a Section 2241 habeas corpus petition violated the Constitution because it usurped

4

Congress's exclusive power to define crimes. *Id.* at 487. The court rejected this argument, noting that such a constitutional challenge to the structure of Section 2255 could itself be brought through a Section 2255 claim. *Id.* at 482, 487 & n.5.

Cox's claim in the instant case similarly challenges the constitutionality of the statutory structure that requires him to assert his claims through a Section 2255 motion. (Doc. 1 at 2-3). Because Section 2255 is neither inadequate nor ineffective to adjudicate this claim, it cannot be asserted through a Section 2241 habeas petition. *Jones*, 599 U.S. at 482, 487 & n.5. Cox's petition will accordingly be dismissed for lack of jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, this case will be dismissed without prejudice for lack of subject matter jurisdiction. Petitioner's motion for preliminary injunction will be denied as moot. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 11/10/25
25-2072-01